**BINFORD et al. v. DILLER et al.**

No. 10233.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 7, 1949.

Decided Oct. 24, 1949.

Mr. Kahl K. Spriggs, Washington, D. C., for appellants.

Mrs. Mabel Walker Willebrandt, Washington, D. C., for appellee Mary E. Diller.

Mr. Thomas P. Corwin, Washington, D. C., also entered an appearance for appellee Mary E. Diller.

Mr. Nelson A. Potter, Chevy Chase, Md., for appellees F. M. Cabot, Administrator, etc., and Anna L. Coolidge and Eleanor F. Lane, Executrices.

Messrs. William A. Galsgow and George E. Hamilton, Jr., Washington, D. C., entered appearances for appellee Union Trust Company of the District of Columbia, Executor.

Before EDGERTON, PRETTYMAN and PROCTOR, Circuit Judges.

PER CURIAM.

Ellen C. Torrey's will contained the following clause: "I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situated, which I may hereafter in any manner acquire or of which I may die seized or possessed or have the power of disposition of, to my heirs at law and next of kin in accordance with the laws then in force in the District of Columbia." When the testatrix died she owned personal property but no real property. A District of Columbia statute provides with respect to personal property that "After children, descendants, father, mother, brothers, and sisters of the deceased and their descendants, all collateral relations in equal degree shall take, and no representation among such collaterals shall be allowed." D.C.Code 1940, § 18—711. On the other hand the statute provides that, failing nearer kin, real property shall descend "to the uncles and aunts of the intestate, and their descendants equally." D.C. Code 1940, § 18—101. Ellen C. Torrey's surviving next of kin are her first cousins. The question is whether they are entitled to her whole estate or whether cousins once and twice removed (also called second cousins), who would have been among her "heirs" if she had left real property, are entitled to share in the personal property she did leave. For the reasons given by Judge McGuire in the District Court we think the next of kin take all.

Affirmed.